SEYFARTH SHAW LLP
Timothy M. Rusche (SBN 230036)
trusche@seyfarth.com
Giselle V. Dhallin (SBN 256089)
gdhallin@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
GEODIS LOGISTICS LLC
(Erroneously sued as "GEODIS")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA MACHADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GEODIS, a corporate entity unknown; LYNEER STAFFING SOLUTIONS, a corporate entity unknown; EMPLOYERS HR LLC; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**DEFENDANT GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Riverside Superior Court Case No. CVRI2101363)<br><br>Complaint Filed: March 12, 2021 |

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEFENDANTS, AND TO PLAINTIFF ERIKA MACHADO AND HER ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant Geodis Logistics LLC ("Geodis") (improperly sued as Geodis) hereby removes the above-entitled action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441(a) and 1446, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction). Geodis states that removal is proper for the following reasons:

## BACKGROUND

1.      On March 12, 2021, Plaintiff filed a complaint in the Superior Court of the State of California, County of Riverside, entitled *Erika Machado v. Geodis, a corporate entity unknown; Lyneer Staffing Solutions, a corporate entity unknown; Employers HR LLC; and DOES 1-10*, Case No. CVRI2101363 ("Complaint").

2.      The Complaint asserts causes of action against Geodis for: (i) "Disability Discrimination In Violation Of The Fair Employment And Housing Act;" (ii) "Pregnancy Discrimination In Violation Of The Fair Employment And Housing Act;" (iii) "Sex Discrimination In Violation Of The Fair Employment And Housing Act;" (iv) "Retaliation;" (v) "Intentional Infliction Of Emotional Distress;" and (vi) "Negligent Infliction Of Emotional Distress."

3.      On April 14, 2021, Geodis' registered agent for service of process in California received the Summons and unverified Complaint. A true and correct copy of the Complaint packet received by Geodis is attached as **Exhibit A**.

4.      On May 14, 2021, Geodis answered the Complaint, a true and correct copy of which is attached hereto as **Exhibit B**, in the California Superior Court for the County of Riverside. Geodis' Answer was field via "drop box," rather than electronically; thus, a conformed copy from the Court has not yet been received.  Accordingly, the filed copy is included attached herewith,

1

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

## TIMELINESS OF REMOVAL

5.    This Notice of Removal is timely as it is filed within thirty (30) days, or by May 14, 2021, of service of a copy of the Summons and Complaint on Geodis in this action. *See* 28 U.S.C. § 1446(b).

## JOINDER

6.    Defendants Lyneer Staffing Solutions LLC and Employers HR, LLC (sued as "Employers HR, LLC") have each consented to this removal, by and through their attorneys of record, and as such, all defendants join this removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F. 3d 1208,1225 (2009) (a notice of removal averring to the consent to removal by a co-defendant and signed by an attorney of record is sufficient to demonstrate joinder).

## DIVERSITY JURISDICTION

7.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Plaintiff Is A Citizen Of California

8.    Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California, County of Riverside. *See* Exhibit A, Complaint ¶ 1.

9.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *See Kantor v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff alleges in the Complaint that she "is now and at all material times herein mentioned has been an individual residing in the County of Riverside, State of California." *See* Exhibit A, Complaint ¶ 1. Accordingly,

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

and at all times since the commencement of this action, Plaintiff is and has been a resident and citizen of the State of California.

**B.    Defendant Geodis Is Not a Citizen of California**

10.    Geodis is now, and was at the time of the filing of this action, a citizen of a state other than California, within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F. 3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

11.    The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center:"

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the **place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"** . . .

12.    The citizenship of a limited liability company for diversity purposes, however, is determined by examining the citizenship of each member of the LLC. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where the members of a limited liability company themselves are limited liability companies, citizenship is determined by examining the citizenship of each member LLC until a corporate or individual owner is reached. *See Lindley Contours, LLC. v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011 (explaining that if a limited liability company defendant has a limited liability corporation as a member, "the citizenship of each individual member of these entities must be alleged (and if these members included partnerships, limited partnerships, or limited liability corporations, the citizenship of each individual member of those entities must be alleged—and so on)").

3

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

Therefore, the citizenship of Geodis is determined by looking at the citizenship of its members.

13. Geodis is now, and ever since this action commenced, a limited liability company ("LLC"). *See* Declaration of Ben Bodzy ¶ 5, filed concurrently herewith. Geodis' principal place of business is, and has been at all times since this action commenced, located in the State of Tennessee. *See* Bodzy Decl. ¶ 6. Geodis' principal place of business is in Tennessee because its "nerve center" is located in that state. Specifically, Geodis' corporate headquarters is located at 7101 Executive Center Drive, Suite 333, in Brentwood, Tennessee, where its high level officers, including the Chief Executive Officer and Chief Operating Officer, direct, control, and coordinate its operations and business activities. *Id.* All of Geodis' corporate level functions are performed and/or directed from its Brentwood office, including corporate finance, human resources, and legal affairs. *Id.*

14. Geodis' sole member is Ozburn-Hessey Holding Company, LLC. *See id.* ¶ 7. Ozburn-Hessey Holding Company, LLC is a limited liability holding company formed under the laws of the State of Delaware, with its headquarters and principal place of business also in Brentwood, Tennessee. *Id.*

15. Ozburn-Hessey Holding Company, LLC's sole member is OHH Acquisition Corporation. *See id.* ¶ 8. OHH Acquisition Corporation is incorporated in the State of Delaware with its headquarters and principal place of business in Tennessee. *Id.* All of OHH Acquisition Corporation' corporate functions are performed in Tennessee, including where its officers direct, coordinate, and control its business operations. *Id.* Accordingly, OHH Acquisition Corporation is, and has been at all times since this action commenced, a citizen of both Delaware and Tennessee.

16. Accordingly, there is complete diversity of citizenship between Plaintiff, Geodis.

/ / /

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

**C.** **Defendants Lyneer Staffing Solutions LLC And Employers HR, LLC Are Not Citizens Of California**

17. Lyneer Staffing Solutions LLC is a limited liability company formed under the laws of the State of Delaware. *See* Declaration of James S. Radvany ¶ 2, attached hereto as **Exhibit C**. The majority of Lyneer Staffing Solutions LLC's executive and administrative functions are performed from New Jersey, including, but not limited to, those operation related to administering company-wide policies and procedures, legal affairs, and managing general business operations. *Id*. at ¶ 3. At all times relevant, Lyneer Staffing Solutions LLC's corporate activities have been directed, controlled, and coordinated from New Jersey. *Id*. at ¶ 4.

18. Lyneer Holdings, Inc. is Lyneer Staffing Solutions LLC's sole member, and is a corporation that is incorporated also under the laws of the State of Delaware. *Id*. at ¶ 4. Lyneer Holdings, Inc.'s executive and administrative functions are performed from New Jersey, including, but not limited to, those operation related to administering company-wide policies and procedures, legal affairs, and managing general business operations. *Id*. at ¶ 5.

19. Employers HR, LLC is a limited liability company formed under the laws of the State of Florida. *See* Declaration of Brian Henderson, attached hereto as **Exhibit D**. The majority of Employers HR, LLC's executive and administrative functions are performed from Florida, including, but not limited to, those operation related to administering company-wide policies and procedures, legal affairs, and managing general business operations. *Id*. At all times relevant, Employers HR, LLC's corporate activities have been directed, controlled, and coordinated from Florida. *Id*.

20. Employer HR is the sole member of Employers HR, LLC, and is a corporation that was incorporated under the laws of the State of Florida. *Id*. Florida is where the majority of Employer HR's executive and administrative functions are performed from Florida, including, but not limited to, those operation related to

5

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

administering company-wide policies and procedures, legal affairs, and managing general business operations. *Id.*

21.     Accordingly, no defendant is a citizen of California.

**D.     Doe Defendants May Be Disregarded**

22.     Plaintiff has alleged damages in the Complaint against Does 1 through 10. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1 through 10, does not deprive this Court of jurisdiction.

**E.     The Amount in Controversy Exceeds $75,000[1]**

23.     While Geodis denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F. 3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted). Indeed, Plaintiff has admitted as much in the pre-litigation demand letter sent by Plaintiff's counsel to Geodis. A true and correct copy of Plaintiff's undated demand letter sent to Geodis and Defendant Lyneer Staffing Solutions, LLC on or about February 29, 2021, is attached hereto to the Declaration of Giselle V. Dhallin as **Exhibit E** ("Demand Letter").

24.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the

---

[1] The assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages. Geodis denies that Plaintiff is entitled to or will recover any damages in this matter.

6

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

amount in controversy exceeds the jurisdictional threshold. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

25.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

26.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F. 3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

27.    As discussed in detail below, the amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum. *See Sanchez*, 102 F. 3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount")

7

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

(internal citation omitted).

28.  ***Plaintiff Has Valued Her Claims In Excess of $75,000.*** On or about February 29, 2021, Plaintiff's counsel sent a demand letter to Goedis and Lyneer Staffing Solutions LLC assessing the value of her claims at the pre-litigation stage to be $350,000. *See* Dhallin Decl. ¶ 3, Exhibit C. In her assessment, she includes "economic and emotional distress damages as a result of[, in part, Geodis'] actions." *Id*. at 2. Settlement letters such as Plaintiff's Demand Letter are admissible "when attempting to prove federal subject matter jurisdiction." *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033, fn. 2 (N.D. Cal. 2002) (*citing Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *3 (N.D. Cal. Oct. 4, 1999)); *see also Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002).

29.  ***Plaintiff's Alleged Lost Income By The Time Of Trial Would Establish The Amount In Controversy***. Plaintiff was assigned to work at Geodis "as a clerk responsible for stocking inventory of various clothing." Exhibit A, Complaint ¶ 10. She further alleges that she was not engaged in the interactive process and not provided an accommodation by Geodis and co-defendant employer Lyneer Staffing Solutions, LLC, related to her alleged pregnancy disability, and that she was thereafter not allowed to return to work. *See* Exhibit A, Complaint ¶¶ 11-12. In her Complaint, Plaintiff alleges (1) disability discrimination; (2) pregnancy discrimination; (3) sex discrimination; (4) retaliation; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; and (7) intentional infliction of emotional distress. As a result of her alleged wrongful termination, Plaintiff alleges, *inter alia*, that she "has suffered and continues to suffer . . . loss of wages, retirement benefits and loss of medical benefits." *Id*. ¶ 20; *see also* ¶¶ 26, 31, and 36. In her Prayer for Relief, she expressly seeks special damages, attorney's fees, pre-judgment interest, and for costs of suit. *Id.* at p. 10.

30.  At the time of her separation, Plaintiff earned $12.00 per hour. Given that Plaintiff alleges that she was wrongfully terminated on October 2019, and Plaintiff

8

70299242v.6

alleges that she did not report into work after October 2019, she has incurred approximately 80 weeks of alleged lost compensation to date. Working 40 hours per week, Plaintiff's total alleged lost wages thus far are $38,400.00 ($480.00/week x 80 weeks). Assuming trial would be set more than 52 weeks from the time of this filing, Plaintiff's alleged lost income alone would be at least $63,360.00.

31.    ***Emotional Distress Damages***. Plaintiff also claims damages for emotional distress, and specifically asserts her sixth and seventh causes of action as intentional and negligent infliction of emotional distress, respectively. Exhibit A, Complaint ¶¶ 20, 26-27, 31-32, 36, 40, 45, 48, and Prayer for Relief at 10.

32.    In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

33.    A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See, e.g.*, *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los

9

70299242v.6

Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury award of $1,500,000 in non-economic loss to employee action involving retaliation in violation of the CFRA); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discriminatory termination in violation of the CFRA).

34.     Plaintiff's allegations that she was discriminated against and terminated because of her disability are analogous to the claims in the cases cited above. Defendant has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Giselle V. Dhallin for the Court's review.

35.     ***Attorneys' Fees and Costs***. Plaintiff also claims that she is entitled to attorneys' fees and costs. *See* Exhibit A, Complaint at Prayer for Relief at 10. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See Galt*, 142 F. 3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App .4th 359, 394 (2005).

36.     Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims analogous to Plaintiff's claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case). Defendant Geodis has attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Giselle V. Dhallin for the Court's review.

37.    Additionally, Geodis anticipates depositions being taken in this case, and that ultimately, Geodis will move for summary judgment or summary adjudication. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *See* Dhallin Decl. ¶ 5.

38.    ***Punitive Damages***. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *See* Exhibit A, Complaint ¶¶ 21, 27, 33, 37, 41, 46, and Prayer for Relief at 10.

*39.*    Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged age discrimination cases. *See Burton v. Pulmocare Respiratory Services*, 2016 WL 6962191 (San Bernardino Sup. Ct.)(plaintiff's verdict in pregnancy discrimination case, with jury award of $275,000 in pain and suffering, $58,532 in past wages, $13,203 in future wages,, and $50,000 in punitive damages); *Olivas-Dean v. Amer. Meizhou Dongpo Grp. Inc., et al.*, 2017 WL 3531353 (Los Angeles Sup. Ct.) (plaintiff verdict totaling $350,000 based wrongful termination claim, of which $250,000 was for punitive damages). Defendant Geodis has attached these verdicts as **Exhibit H** to the concurrently filed Declaration of Giselle V. Dhallin for the Court's review.

40.    Based upon the allegations contained in Plaintiff's Complaint, Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between the Plaintiff and Defendant Geodis, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## II. VENUE

41. This action originally was brought in the Superior Court of the State of California, County of Riverside, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

42. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Riverside, in the State Court Action.

43. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

44. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached hereto as Exhibits A and B.

/ / /

/ / /

/ / /

12

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6

## IV.    PRAYER FOR REMOVAL

WHEREFORE, Geodis prays that this civil action be removed from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

DATED: May 14, 2021                    SEYFARTH SHAW LLP

                                       By: _____
                                           Timothy M. Rusche
                                           Giselle V. Dhallin
                                           Attorneys for Defendant
                                           GEODIS LOGISTICS LLC

13

GEODIS LOGISTICS LLC'S NOTICE OF REMOVAL

70299242v.6